FILED
99 JUN 25 AM 11: 31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID ROGERS SPAIN,            )
                               )
         Petitioner,           )
                               )
vs                             )    CIVIL ACTION NO. 98-N-2086-S
                               )
WARDEN WILLIE JOHNSON, et al,  )
                               )
         Respondent(s).        )

ENTERED
JUN 25 1999

## MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved.

In his objections, Spain argues that his petition is not barred by the statute of limitations because his fourth Rule 32 petition was properly filed and should have tolled the limitations period. Spain states that "[i]n the magistrate's report i[t] states that the Rule 32 petition was denied on the 25 of July, 1997, which is true yet isn't true, when the petitioner has two different court orders showing two different dates." Spain has submitted to the court copies of two different rulings on the fourth Rule 32 petition, one dated July 25, 1997, and the other dated September 5, 1997, both denying the petition. The orders are identical except that the signatures of Judge Pearson do not match, and the dates are different. Spain also claims that Judge Pearson held a

hearing on his Rule 32 petition but denied that the hearing was ever held in a false order entered December 15, 1997. Spain further asserts that no court ever held that his fourth Rule 32 petition was barred by the statute of limitations.

Regardless of whether there was a hearing held on Spain's fourth Rule 32 petition or the reasons for the duplicate orders with different dates, the petition is still barred by the statute of limitations. The fact remains that the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on February 13, 1998, finding that the petition was "procedurally barred by the two-year limitation period set forth in Rule 32.2(c)." Spain's application for rehearing was overruled on March 20, 1998, and the Alabama Supreme Court denied Spain's petition for a writ of certiorari on July 17, 1998. Because the petition was found to be barred by the statute of limitations, it was not "properly filed" and cannot be used to toll the statute of limitations in this court.

The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

DONE, this 25th day of June, 1999.

_____
EDWIN L. NELSON,
UNITED STATES DISTRICT JUDGE